2023 IL App (3d) 210399

Opinion filed March 10, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0399 Circuit No. 20-CF-921 |
| JEFFREY JOHN SWANSON, | ) ) ) | Honorable Frank R. Fuhr, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Brennan concurred in the judgment and opinion.

_____

**OPINION**

¶ 1     The State appeals from the Rock Island County circuit court's order dismissing the charges against defendant, Jeffrey John Swanson, with prejudice. The State argues that it did not violate the anti-shuttling provision of section 3-8-9 of the Unified Code of Corrections, hereinafter called the Interstate Agreement on Detainers (Agreement) (730 ILCS 5/3-8-9 (West 2020)), because defendant's action of seeking credit against his bond caused his release and return to the custody of Iowa. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    In November 2020, the State charged defendant with two counts of forgery (720 ILCS 5/17-3(a)(2) (West 2020)). The second page of the information included a space to indicate the category of the offense, and "B" was written in that space.[1] An arrest warrant was issued indicating bond was set at $30,000 with 10% to apply. In January 2021, defendant, who was in the custody of the Iowa Department of Corrections, filed a request for disposition pursuant to the Agreement. Defendant also made various filings seeking to move the matter along and/or resolve it.

¶ 4    On March 31, 2021, defendant was transferred to Rock Island County, Illinois. At defendant's initial appearance, the public defender was appointed to represent him. The matter was set for trial on June 1, 2021. On May 14, defense counsel advised the court that they were ready for trial and defendant wanted the trial to proceed on June 1. The State requested "a four-week continuance for a trial setting conference." The court granted a continuance and set the matter for a trial setting conference on June 9. On June 10, defense counsel requested a continuance to research time limitations regarding the Agreement. Counsel also indicated that they were hoping to resolve the matter. On June 24, defense counsel again requested a continuance in order to conduct additional research regarding the Agreement time limits. He further indicated that they obtained a date for a potential open sentencing hearing but wanted to wait a couple of weeks because he needed "to make sure that that w[ould] work" and that defendant would not be transferred back to Iowa prior to that date. On July 8, the court indicated on the record that a plea agreement had not been reached, set a status hearing for July 22, and set the trial for July 26.

---

[1]The Code of Criminal Procedure of 1963 contains general definitions, which includes definitions of "Category A offense" and "Category B offense." 725 ILCS 5/102-7.1, 102-7.2 (West 2020).

¶ 5        On July 9, the parties appeared before the court. Defense counsel indicated that defendant's charges were Category B offenses, but that the Rock Island Sheriff's Department would not apply the Category B $30-per-day credit against defendant's bail as required by section 110-14(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(c) (West 2020)) unless there was a court order. The court advised the clerk that the mittimus for the next court date should include "Category B." The mittimus was filed indicating the next court date of July 22 and included a handwritten note "CAT B to apply." On July 14, the State informed the court that it was brought to its attention that if defendant was transferred back to Iowa, the charges would have to be dismissed. The State asked the court to "rescind the Category B" or increase defendant's bond. The court concluded it was a Category B offense and that defendant's bond had already been met such that it was not appropriate to increase the bond.

¶ 6        Upon release, defendant was transferred back to the custody of Iowa. Defense counsel filed a motion to dismiss arguing, in part, that the charges must be dismissed with prejudice under the anti-shuttling provision of the Agreement because defendant was returned to Iowa prior to being brought to trial on the Illinois charges. The State responded that defendant waived the anti-shuttling provision because he procured his release and return to Iowa by requesting application of the Category B credit. The court granted dismissal. It found that the application of the Category B credit to defendant's bail was not discretionary, defendant received the credit by operation of law, and was required to be released once his bail reached $0. The court further determined defendant's transfer back to Iowa violated the Agreement and his charges must be dismissed with prejudice. The State filed a certificate of impairment pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017) and a notice of appeal.

¶ 7                                        II. ANALYSIS

¶ 8        The State argues that the court erred by dismissing the charges under the anti-shuttling provision of the Agreement because defendant caused his return to Iowa by requesting application of Category B credit to his bail amount.

¶ 9        The Agreement provides that if a trial is not had on the charges "prior to the return of the prisoner to the original place of imprisonment" the charges "shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." 730 ILCS 5/3-8-9(a) (West 2020) (see art. III(d) and art. IV(e)). However, a defendant may waive his rights under the Agreement. *Alabama v. Bozeman*, 533 U.S. 146, 157 (2001). A defendant waives his rights under the anti-shuttling provision of the Agreement when he causes his return to the original place of imprisonment. See, *e.g.*, *People v. Christensen*, 102 Ill. 2d 321, 329 (1984) ("It is not necessary for the charges to be dismissed with prejudice when the defendant is returned to the sending jurisdiction before trial after a lengthy delay caused by the defendant himself."); *United States v. Black*, 609 F.2d 1330, 1334 (9th Cir. 1979) ("A defendant waives the protections of the [Agreement's] anti-shuttling provisions when he requests the transfer before final disposition of the outstanding charges."); *State v. Vinson*, 182 S.W.3d 709, 713 (Mo. Ct. App. 2006) ("Defendant's return to federal custody was the result of his voluntary, affirmative actions. Here, Defendant's voluntary, affirmative act of posting bond resulted in his being transported back to federal custody.").

¶ 10       Here, there is no dispute that defendant was returned to the original place of imprisonment—Iowa—prior to trial. The only question is whether defendant caused his return. Under the circumstances of this case, we cannot say that he did. Although defendant notified the court that the sheriff was not applying the credit to his bail, it was through operation of law that

he met his bail and was ultimately released back to the custody of Iowa. Specifically, section 110-14(c) of the Code provides that

> "[a] person subject to bail on a Category B offense shall have $30 deducted from his or her 10% cash bond amount every day the person is incarcerated. The sheriff shall calculate and apply this $30 per day reduction and send notice to the circuit clerk if a defendant's 10% cash bond amount is reduced to $0, at which point the defendant shall be released upon his or her own recognizance." 725 ILCS 5/110-14(c) (West 2020).

Forgery is a Category B offense. See 720 ILCS 5/17-3(d)(1) (West 2020) (providing that forgery is a Class 3 felony); 725 ILCS 5/102-7.2 (West 2020) (providing that Class 3 felonies are Category B offenses). Where, as here, the use of the word "shall" relates to a statutory requirement prescribed to safeguard someone's rights, which may be injuriously affected by failure to act, the statute is mandatory. *Andrews v. Foxworthy*, 71 Ill. 2d 13, 21 (1978). There is no requirement in section 110-14(c) for the defendant to apply for the credit. *Cf.* 725 ILCS 5/110-14(a) (West 2020) ("Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of the offense shall be allowed a credit of $30 for each day so incarcerated *upon application of the defendant*." (Emphasis added.)). Instead, section 110-14(c) directly provides for the credit and mandates the sheriff to apply it and notify the court when the application of the credit reduces a defendant's bail to $0. At the point defendant's bail reaches $0, the plain language of section 110-14(c) mandates that defendant be released. Therefore, per section 110-14(c), defendant was to automatically receive $30-per-day credit against his bail, and the sheriff was required to apply it. Thus, it was by operation of law that defendant's bail was reduced to $0 and he was transferred back to Iowa. In other words,

5

under section 110-14(c), defendant was not required to do anything in order to receive the credit and, thus, should not have had to notify the court. We decline to penalize defendant for bringing to light the sheriff's failure to comply with the mandates of section 110-14(c) and therefore do not consider his act of informing the court of the sheriff's refusal to apply the credit to be the cause of his return to Iowa. Based on the foregoing, we conclude that defendant was returned to Iowa through no fault of his own prior to trial and the charges against him were required to be dismissed with prejudice under the Agreement.

¶ 11                                III. CONCLUSION

¶ 12          The judgment of the circuit court of Rock Island County is affirmed.

¶ 13          Affirmed.

*People v. Swanson*, 2023 IL App (3d) 210399

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 20-CF-921; the Hon. Frank R. Fuhr, Judge, presiding. |
| **Attorneys for Appellant:** | Dora A. Villarreal, State's Attorney, of Rock Island (Patrick Delfino, Thomas D. Arado, and Jamie L. Bellah, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Thomas A. Karalis, and Emily A. Brandon, of State Appellate Defender's Office, of Ottawa, for appellee. |